UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MCCRAY-KEY, individually and on behalf of all similarly-situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>SUTTER HEALTH SACRAMENTO SIERRA REGION, SUTTER SOLANO MEDICAL CENTER and DOES 1 through 100,<br><br>    Defendants. | No.  2:15-cv-1514-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT AND/OR STRIKE CLASS CLAIMS** |

    Plaintiff Joyce McCray-Key ("Plaintiff") sued Sutter Health Sacramento Sierra Region and Sutter Solano Medical Center ("Defendants"), where she worked as a traveling nurse, alleging wage and hour violations.  Defendants assert that this action is precluded by a prior suit in which Plaintiff sued the agency that placed her with Defendants.  But Defendants were not parties to that suit, so they cannot escape liability on claim preclusion grounds.  Nonetheless, the Court dismisses the complaint with leave to amend, because the allegations are conclusory as

1

currently pled.[1]

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendants and Healthsource Global Staffing, Inc. ("Healthsource") jointly employed Plaintiff as a traveling nurse. Compl. ¶¶ 3, 4. Healthsource "sourced" Plaintiff and placed her with Defendants' medical center. Id. During her employment, she alleges she was afforded inadequate meal and rest periods, and that she was not properly paid for all hours worked. Compl. ¶ 60.

In March 2014, Plaintiff sued Healthsource in Alameda County Superior Court, alleging (1) Failure to pay compensation; (2) Meal period violations; (3) Rest period violations; (4) Failure to pay waiting time wages; (5) Wage statement and record keeping violations; and (6) Violations of California Business and Professions Code section 17203. See Defendants' Request for Judicial Notice ("RJN") Exh. A (Doc. #12). She brought these claims on behalf of herself and "[a]ll persons who . . . were non-exempt employees of [Healthsource] assigned to work in California health care facilities." RJN Exh. A ¶ 8. Healthsource removed the case to the Northern District of California, where the parties ultimately entered into a stipulation dismissing the class claims and remanding Plaintiff's individual claims to Superior Court. See RJN Exh. B. The stipulation also provided that Plaintiff would not pursue further

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 21, 2015.

1  class claims "based upon any claims that have or may have arisen
2  against HealthSource to date[.]"  RJN Exh. B ¶ 4.  Back in state
3  court, the parties reached a settlement on the individual claims
4  and Plaintiff voluntarily dismissed the case with prejudice.  See
5  RJN Exhs. C, D.

6  While that case was still pending in the Northern District,
7  Plaintiff brought this action in Sacramento County Superior
8  Court, alleging the same six causes of action and the same class
9  claims.  Defendants subsequently removed the case to this Court
10 (Doc. #1).  The only difference between the two complaints was
11 that this latter-filed action named Defendants instead of
12 Healthsource.

13 Defendants now move to dismiss the complaint on the basis
14 that voluntary dismissal of the Healthsource action precludes the
15 claims here (Doc. #11).  In the alternative, Defendants move to
16 strike the class claims pursuant to the Healthsource stipulation,
17 or to dismiss the complaint based on the insufficiency of the
18 allegations.  Plaintiff opposes the motion on all three grounds
19 (Doc. #16).

20
21                        II.   OPINION
22     A.   Judicial Notice
23     Defendants seek judicial notice of four documents from the
24 Healthsource action: (1) Plaintiff's complaint filed in Alameda
25 County Superior Court; (2) the Stipulation and Order following
26 removal; (3) the Notice of Settlement following remand; and
27 (4) the Request for Dismissal by Plaintiff.  Defendants' RJN at
28 1.  Each of these documents is in the public record and is not

3

subject to reasonable dispute, so the Court takes judicial notice of them.  Fed. R. Evid. 201; see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th Cir. 2001).

### B. Analysis

#### 1. Claim Preclusion

Defendants argue that claim preclusion bars Plaintiff's suit, based on the previous Healthsource action.  Mot. at 4. Plaintiff counters that claim preclusion does not apply, since Defendants were not parties to the prior action.  Opp. at 4.

Federal courts apply the preclusion rules of the state where the first judgment was issued.  Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).  Under California law, claim preclusion prevents relitigation of a claim previously resolved. Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 896 (2002).  A second suit is barred if it involves "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit."  DKN Holdings LLC v. Faerber, 61 Cal.4th 813, 824 (2015), reh'g denied (Aug. 12, 2015).  Even when these criteria are met, the claim is not precluded if "injustice would result or if the public interest requires that relitigation not be foreclosed."  Consumer Advocacy Grp., Inc. v. ExxonMobil Corp., 168 Cal.App.4th 675, 686 (2008) (quoting Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn., 60 Cal.App.4th 1053, 1065 (1998)).

There is no dispute in this case that the first and third criteria are met.  Namely, the causes of action in both suits are identical, in that they allege the same wrongdoing at the same

1   time.  And the first suit resulted in a settlement and dismissal
2   with prejudice, which is a "final judgment on the merits" for
3   purposes of preclusion.  See <u>Boeken v. Philip Morris USA, Inc.</u>,
4   48 Cal.4th 788, 793 (2010).  The parties' disagreement concerns
5   whether Defendants and Healthsource may be considered the "same
6   parties."

7   Claim preclusion applies even if the parties are not exactly
8   the same - if the parties are different, they must be in privity
9   with each other or otherwise "shar[e] [] an identity or community
10  of interest with adequate representation of that interest in the
11  first suit, and circumstances such that the nonparty should
12  reasonably have expected to be bound by the first suit."  <u>DNK</u>
13  <u>Holdings</u>, 61 Cal.4th at 825-26 ("[C]laim preclusion applies only
14  to the relitigation of the same cause of action <u>between the same</u>
15  <u>parties</u> or those in privity with them.") (emphasis in original).

16  Defendants argue that they shared such a relationship with
17  Healthsource because they and Healthsource are allegedly jointly
18  liable for the harm Plaintiff suffered.  Mot. at 8.  But the
19  California Supreme Court recently held that "[j]oint and several
20  liability alone does not create such a closely aligned interest"
21  as required for claim preclusion.  <u>DNK Holdings</u>, 61 Cal.4th at
22  826.

23  Defendants' reply attempts to distinguish <u>DNK Holdings</u>, but
24  the discussion of this case is beyond the five page limit allowed
25  under this Court's standing order.  <u>See</u> Order re Filing
26  Requirements at 1 (Doc. #5-2).  Pursuant to that order, the Court
27  does not consider any arguments made past the page limit.  <u>Id.</u>
28  Nonetheless, the Court will explain why <u>DNK Holdings</u> is

applicable and dispositive in this case.

In DNK Holdings, three individual lessees signed a commercial lease agreement, to which each agreed to have "joint and separate responsibility to comply with the lease terms." Id. at 818 (quotation marks omitted). They later stopped paying rent, contending that the landlord had failed to disclose problems with the property. Id. One of the lessees sued the landlord, who counterclaimed seeking unpaid rent and other amounts due on the lease. Id. Judgment was entered in favor of the landlord for $2.8 million. Id. at 819. When the single lessee did not pay in full, the landlord sued the other two individuals who had signed the lease. Id.

The trial court and the California appellate courts held that the second suit was barred by claim preclusion, but the California Supreme Court reversed. Id. It held that the relationship between the lessees was not so close as to consider them the "same" party or in privity with one another. Id. at 826.

Applying this holding, Defendants here cannot avoid liability in this case based on the prior suit involving Healthsource. DNK Holdings established that joint liability for the same wrongdoing does not confer privity. Although that case concerned obligations on a contract rather than statutory obligations, the California Supreme Court did not limit its holding to suits against obligators on a contract. Rather, the reasoning is widely applicable to joint obligations under the law. The premise of the court's discussion was that "there is no conflict between the doctrines of claim preclusion and joint and

6

1  several liability." Id. at 819.  The court went on to analyze
2  joint liability and claim preclusion in general.  See id. at 819-
3  29.  The court even explicitly affirmed the applicability of its
4  reasoning to other areas of law outside of breaches of contract.
5  See, e.g., id. at 822 ("The injured party has separate claims
6  against each obligor, regardless of whether the obligation arises
7  from a tort or a breach of contract. . . . [A] judgment for or
8  against one obligor does not result in merger or bar of the claim
9  that the injured party may have against another obligor.")
10 (quoting Rest. 2d, Judgments, § 49) (emphasis omitted); id. at
11 821 n.7 ("The same rule applies to joint and several tortfeasors.
12 . . . The well-settled rule is that no bar arises as to
13 [relitigation against] any of the wrongdoers until the injured
14 party has received satisfaction.") (citation and quotation marks
15 omitted).

16     Thus, because California law does not bar successive suits
17 against defendants jointly responsible for a single wrong,
18 Defendants' preclusion argument fails.

19     In an attempt to get around DNK Holdings, Defendants try to
20 analogize their relationship with Healthsource to relationships
21 discussed in a number of other cases that applied claim
22 preclusion.  Mot. at 7-8.  The attempt is unsuccessful for two
23 reasons.  First, the cited cases do not apply California law and
24 are therefore inapplicable.  Second, the factual scenarios
25 presented by these cases are distinguishable under California
26 law.

27     Along these lines, Defendants cite multiple cases in which
28 the liability of one defendant derives from the liability of a

7

formerly sued defendant.  For example, in <u>Lillard v. Service Solutions Corporation</u>, 2007 WL 1623903, at *1 (M.D. Tenn. June 1, 2007), an employee sued his supervisor in state court claiming that she withheld overtime pay because of his race.  He lost, but later sued the supervisor again, as well as her employer, in federal court.  <u>Id.</u>  Because an employer is liable for the employment law violations of a supervisor, the company's liability derived from the supervisor's liability.  Under California law, such derivative liability gives rise to a privity relationship.  <u>DNK Holdings</u>, 61 Cal.4th at 828 ("Derivative liability supporting preclusion has been found between a corporation and its employees.") (citing <u>Sartor v. Superior Court</u>, 136 Cal.App.3d 322, 328 (1982) & <u>Lippert v. Bailey</u>, 241 Cal.App.2d 376, 382 (1966)).

But derivative liability is not analogous to joint liability.  <u>Id.</u> at 828.  The <u>DNK Holdings</u> court in fact specifically distinguished derivative liability from joint liability for purposes of claim preclusion.  <u>Id.</u> at 827-28 ("The cases [defendant] relies on do not suggest otherwise.  They involve <u>derivative</u> liability, not joint and several liability. . . .  The concepts of joint and several liability and derivative liability are not coextensive.") (emphasis in original).

Here, the allegations show no indication that Defendants' liability is derivative of Healthsource's liability.  Instead, Defendants and Healthsource were allegedly jointly responsible for the wrong done to Plaintiff; the liability of each "is independent, although [both] have contributed to the same loss." <u>DNK Holdings</u>, 61 Cal.4th at 828.  Preclusion does not bar

1  Plaintiff from seeking compensation for Defendants' independent
2  wrongdoing.
3       As a final argument, Defendants assert that "[n]othing about
4  [Plaintiff's] litigation strategy comports with due process for
5  the defendants in the two actions or the putative class members."
6  Reply at 5.  Defendants raised this argument for the first time
7  in their reply, and Plaintiff has not had an opportunity to
8  respond to it.  The Court therefore exercises its discretion not
9  to reach this issue.  See Zamani v. Carnes, 491 F.3d 990, 997
10 (9th Cir. 2007) ("The district court need not consider arguments
11 raised for the first time in a reply brief.") (citation omitted).
12            2.   Bar to Class Claims
13      Defendants next seek to strike Plaintiff's class claims on
14 the basis that the Stipulation and Order in the Healthsource
15 action bars her from bringing them.  Mot. at 9-10.  The
16 stipulation states in relevant part: "Plaintiff shall not seek,
17 pursue, voluntarily participate in or be a representative in any
18 class or collective action claims, including, but not limited to,
19 any potential claims under the California Private Attorney
20 General Act of 2004, based on any claims that have or may have
21 arisen against Healthsource to date[.]"  Defendants' RJN Exh. B
22 ¶ 4.  Defendants argue that the present claims against Defendants
23 fall within the scope of this order.  Mot. at 9-10.
24      The Court disagrees.  The order precludes Plaintiff from
25 bringing certain claims "against Healthsource"; it says nothing
26 about Defendants.  As previously discussed, Defendants' alleged
27 liability in this action is independent of Healthsource's
28 liability, even though the two were jointly responsible for the

harm Plaintiff allegedly suffered.  The stipulation therefore does not bar Plaintiff's class claims here.

### 3. Sufficiency of the Allegations

Finally, Defendants argue that Plaintiff's factual allegations are insufficient to meet federal pleading standards. Mot. at 10-13.  Plaintiff does not offer argument in opposition. She simply states that "Plaintiff believes she has sufficiently alleged facts putting Defendants on notice of the nature of her claims under the applicable federal standard," and requests leave to amend.  Opp. at 8.

The Court agrees with Defendants that the claims are inadequately pled.  Each cause of action describes the law and states in a conclusory manner that Defendants violated it.  See, e.g., Compl. ¶ 21 ("In violation of [California Labor Code] Section 1197 and paragraph 4 of the applicable Wage Order, Defendants did not pay Plaintiff and class members the minimum wage for all hours worked.").  Such conclusory allegations are insufficient.  See Anderson v. Blockbuster Inc., 2010 WL 1797249, at *2-*3 (E.D. Cal. May 4, 2010) ("Under each cause of action, Plaintiff only recites the law before making a legal conclusion referencing the Defendant. . . . Plaintiff fails to state when or how Defendant failed to pay the required wages.  Without more, such legal conclusions do not suffice.").  The Court therefore dismisses each cause of action with leave to amend.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' motion with respect to preclusion and the class

claims.  But the Court GRANTS the motion WITH LEAVE TO AMEND based on the insufficiency of the allegations.

    As a final matter, Defendants' reply is four pages longer than the page limit allowed by this Court's standing order.  <u>See</u> Order re Filing Requirements at 1.  In accordance with that order, Defendants' counsel, Grube Brown & Geidt LLP, is sanctioned in the amount of $200.  <u>Id.</u> ("A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page . . . .").  Counsel is to pay this amount within five days of the date of this Order.

    Plaintiff shall file her Amended Complaint within twenty days of this Order. Defendants' responsive pleading shall be filed within twenty days thereafter.

    IT IS SO ORDERED.

Dated: October 30, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE