1 | *Counsel listed on next page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MCCRAY-KEY, individually and on behalf of all similarly-situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> SUTTER HEALTH SACRAMENTO SIERRA REGION, and DOES 1 THROUGH 100, <br><br> Defendants. | Case No. 2:15-CV-01514-JAM-CKD <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER** <br><br> Dept:   3 <br> Judge:  Hon. John A. Mendez |

PETER R. DION-KINDEM, P. C.
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:   (818) 883-4900
Fax:              (818) 883-4902
Email:           peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:   (213) 599-8255
Fax:              (213) 402-3949
Email:           lonnieblanchard@gmail.com

JEFF HOLMES (SBN 100891)
HOLMES LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:   (310) 396-9045
Fax:              (970) 497-4922
Email:           jeffholmesjh@gmail.com

Attorneys for Plaintiff
JOYCE MCCRAY-KEY


THOMAS E. GEIDT (SB# 080955)
C. YEWLEH CHEE (SB# 281710)
GRUBE BROWN & GEIDT LLP
tomgeidt@gbgllp.com
yewlehchee@gbgllp.com
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendant
SUTTER HEALTH SACRAMENTO SIERRA REGION

Case No. 2:15-CV-01514-JAM-CKD                                    CONFIDENTIALITY AGREEMENT
                                                                                           AND [PROPOSED] ORDER

WHEREAS, Plaintiff Joyce McCray-Key ("Plaintiff") filed a putative wage-and-hour class action against Defendant Sutter Health Sacramento Sierra Region ("SHSSR"); and

WHEREAS, SHSSR disputes and denies all of Plaintiff's claims; and

WHEREAS, certain of the information to be produced by the parties in discovery may reveal or reflect confidential, private information, including but not limited to the home addresses, home telephone numbers, email addresses and other personal contact information of certain persons who performed temporary work assignments at SHSSR facilities, and documents related to the job performance, attendance, discipline, compensation, or other personnel or payroll information of such temporary workers at SHSSR facilities; and

WHEREAS, other confidential information to be produced by the parties may include financial, commercially sensitive, private, or proprietary information of parties or non-parties to this litigation, the disclosure of which could cause harm to, or invade the privacy of, one or more of the parties herein or non-parties; and

WHEREAS, the parties are interested in permitting discovery to proceed without the delay that may be occasioned by possible disputes regarding confidential, commercially sensitive, private, or proprietary information, and they seek to limit disclosure of such information to this proceeding,

IT IS HEREBY STIPUATED AND AGREED, by and between the parties hereto, through their respective counsel of record, as follows:

1. Any "Confidential" information under the terms of this Agreement shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose whatsoever.

2. Certain documents pertaining to temporary workers at SHSSR facilities, including their home addresses and home telephone numbers, and other personnel-related documents or files, shall be deemed "Confidential."

3. Additionally, any party producing documents or information ("Producing Party") may designate as "Confidential" any other information which is not generally available to the public, or which a Producing Party has maintained in confidence, or the disclosure of which a

Producing Party reasonably believes is likely to or would harm the business or invade the privacy of the Producing Party, temporary workers at SHSSR facilities, patients at SHSSR facilities, or persons or other organizations from which the information was obtained.

4. The "Confidential" information identified in paragraphs 2 and 3 shall collectively be called "Protected Information." Protected Information shall be treated as confidential unless the Court orders otherwise or the Producing Party withdraws such designation.

5. Protected Information designated as "Confidential" shall be marked with a CONFIDENTIAL label stamp or electronic marking. Any such label, stamp, or marking that is inadvertently omitted may be corrected by written notification to all counsel of record. Deposition testimony may be designated as "Confidential" by an appropriate statement on the record at the time such testimony is given, or may be marked as "Confidential" within sixty (60) days of receipt of the transcript by written notification to all counsel of record.

6. Protected Information shall be held in strictest confidence and shall be kept in a secure location by all designated counsel in this litigation. Protected Information shall be disclosed only to those persons identified in Paragraph 7 below.

7. Access to Protected Information or any information derived therefrom shall be limited to the following:

   a. The Court, its employees, court reporters, and the jury;
   b. Counsel for the respective parties and employees or other clerical assistants of said counsel who are assisting in the prosecution or defense of this litigation;
   c. Named parties, officers, directors, and employees of any of the parties who are assisting counsel in the prosecution or defense of this litigation;
   d. Any neutral person who may be selected by the parties to preside over any private mediation, settlement conference, or early neutral evaluation;
   e. Third-party contractors involved in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation,

including the performance of such duties in relation to a computerized litigation support system; and to the employees of third-party contractors performing one or more of these functions;

  f. Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel for the purpose of analyzing data, conducting studies, or providing opinions to assist in this litigation;

  g. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

  h. Any other individual or entity as to whom counsel for the Producing Party and counsel for the party seeking to disclose the Protected Information agree in writing; and

  i. Non-party witnesses assisting counsel in the prosecution or defense of this case.

8. Prior to disclosure of Protected Information to any person identified in Paragraphs 7(f), (h), and (i), such person shall agree in advance to be bound by this Stipulated Confidentiality Agreement ("Confidentiality Agreement") by signing a copy of the Certification attached as Exhibit A.  Counsel for the relevant party shall keep the original of each executed Certification.

9. This Confidentiality Agreement shall be without prejudice to the right of a Producing Party to seek additional protection for any Protected Information.

10. The designation of Protected Information as "Confidential" pursuant to the Confidentiality Agreement shall not be construed as a concession by the Producing Party that such information is relevant, material, or admissible as to any issue.  Nothing in the Confidentiality Agreement shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall the Confidentiality Agreement be construed to require the production of any particular testimony, documents, evidence, or other information.

11.     In the event that a party objects to the designation or non-designation of information and/or documents as "Confidential," that party will so notify the Producing Party in writing.  The parties will attempt to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, the Producing Party shall indicate in writing the reason for the designation or non-designation.  The party or parties opposing the designation or non-designation may present such dispute to the Court, by motion or otherwise.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

12.     Inadvertent production of any document or other information that a party to this action or non-party witness believes should be designated as "Confidential" during discovery, or otherwise, may be retroactively designated by written notice designating each document by Bates number or other identifying information and shall be treated as so indicated from the date written notice of the designation is received.

13.     If a Producing Party inadvertently provides any information subject to a claim of attorney-client privilege, attorney work product, or other privilege, the Producing Party may, promptly after discovering such inadvertent disclosure, inform the receiving party or parties of the privileged nature of the disclosed information, and the receiving party or parties shall treat the disclosed information as "Confidential" under the Confidentiality Agreement.  If the receiving party does not dispute such claim, the receiving party or parties shall destroy the original and all copies of the assertedly privileged documents (and destroy all summaries of same), within five (5) business days of receipt of the written notice from the Producing Party, and provide the Producing Party with a written certification of the destruction within the following two (2) business days.  To the extent the receiving party or parties have already disclosed this information, such parties shall promptly notify the Producing Party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients.  If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege, counsel for the receiving party will inform counsel for the Producing Party promptly

after becoming aware of the disclosure.  Inadvertent production of privileged information shall not constitute waiver by the producing party.  In the event that a receiving party disputes the claim of privilege, that party will so notify the Producing Party in writing.  The parties will attempt to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, the Producing Party shall indicate in writing the reason for the designation.  The party or parties opposing the designation may present such dispute to the Court, by motion or otherwise.  In the resolution of such matter, the burden of establishing a privilege shall be on the party who made the claim of privilege.

14. At the time of filing a motion or brief with the Court involving Protected Information, the submitting party will not file the documents in the public record but shall follow the procedure provided in Civil Local Rule 141.  Should the Court deny the motion or application to seal, the party attempting to file the Protected Information will be deemed to have complied with the Confidentiality Agreement.

15. The Confidentiality Agreement shall remain in full force and effect until modified, superseded, or terminated by further order of this Court, and shall survive the termination of this litigation; provided, however, that the Confidentiality Agreement may be amended by stipulation between the parties to this litigation or upon regularly-noticed motions to the Court.

16. Except as otherwise agreed in writing by the Producing Party, at the conclusion of this litigation and any appeals herein, whether this litigation be settled or otherwise resolved in full prior to trial, or tried on the merits, all Protected Information and all copies thereof produced by any party in this litigation or otherwise obtained from any party or non-party shall upon written request be promptly returned to the Producing Party or destroyed with the consent of the Producing Party. Counsel for the Receiving Party shall be entitled to keep an archival copy for counsel's records, subject to counsel's continuing compliance with the terms of this Agreement.

17. The foregoing is without prejudice to the right of any party to apply to the Court for (a) a further protective order relating to any writing, whether or not it is identified above; (b) an order amending or modifying the Confidentiality Agreement; (c) an order protecting against

other discovery, or other use of the documents identified above; or (d) an order permitting the further production, discovery, disclosure, or use of any documents, including those identified above.

      18.    This Stipulated Confidentiality Agreement may be executed in counterparts. The Confidentiality Agreement shall bind the parties upon their placement of signatures, even if the Court has not yet signed it.

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  February 26, 2016        THE DION-KINDEM LAW FIRM
                                            THE BLANCHARD LAW GROUP, APC
                                            HOLMES LAW GROUP, APC


By _____
        PETER R. DION-KINDEM

Attorneys for Plaintiff
JOYCE MCCRAY-KEY

Dated:  February __, 2016        GRUBE BROWN & GEIDT LLP


By _____
        THOMAS E. GEIDT

Attorneys for Defendant
SUTTER HEALTH SACRAMENTO SIERRA REGION

1 **ORDER**

2     PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

3 DATED: 3/3/2016

4

5                                                   /s/ John A. Mendez
                                                Honorable John A. Mendez

# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that Protected Information is being provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality Agreement in the case of *Joyce McCray-Key v. Sutter Health Sacramento Sierra Region*, United States District Court, Eastern District of California, No. 2:15-CV-01514-JAM-CKD. I have read the Stipulated Confidentiality Agreement, and I agree to be bound by it. I will not reveal the Protected Information, except as allowed by this Stipulated Confidentiality Agreement. I will maintain all such Protected Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this litigation, I will return the Protected Information – including copies, notes, or other transcriptions made therefrom – to counsel who provided me with the Protected Information. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement.

Date: _____

Signature: _____

Printed name: _____